**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bill Celeya FLORES, Defendant– Appellant.**

**No. 11–30273.**

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 2, 2012.

Helen J. Brunner, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, Gregory Gruber, Esquire, Assistant U.S., David R. Jennings, Assistant U.S., USTA–Office of the U.S. Attorney, Taco- ma, WA, for Plaintiff–Appellee.

Susan F. Wilk, Senior Staff, Washington Appellate Project, Seattle, WA, for Defen- dant–Appellant.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

**MEMORANDUM** **

Bill Celeya Flores appeals from the 57– month sentence imposed following his

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi- cation and is not precedent except as provid- ed by 9th Cir. R. 36–3.

**398**

guilty-plea conviction for eight counts of distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); one count of possession with intent to distribute Oxycodone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2; and one count of possession of a firearm by an unlawful user of a controlled substance (Methadone), in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) and 2. We dismiss.

Flores contends that he was denied effective assistance of counsel at sentencing when counsel failed to object to arguments made by the government that allegedly breached the plea agreement. We are precluded from reaching the merits of Flores's claim by a valid appeal waiver in which Flores gave up his right to pursue a direct appeal of his sentence. *See United States v. Nunez,* 223 F.3d 956, 959 (9th Cir.2000) ("[O]ne waives the right to argue ineffective assistance of counsel at sentencing on direct appeal when one waives the right to appeal the sentence.").

**DISMISSED.**